IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JOHN T. TAYLOR, )
)
    Plaintiff, )
)
vs. )
) CIVIL ACTION NO. 3:12-CV-119
)
SCIENCE APPLICATIONS ) JUDGE HAYNES
INTERNATIONAL CORPORATION)
)
    Defendant. ) JURY REQUESTED
)

PROPOSED CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d) the following Case Management Order is entered:

**I. Jurisdiction.** Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

**Service of Process.** Service of Process was timely made on the defendants and is not in issue.

**II. Parties' theories of the Case.**

    1. **Plaintiff's Theory.**

The plaintiff, JOHN T. TAYLOR, is a black male. Plaintiff is a Retired Command Sergeant Major with over twenty-six (26) years of active military service. Plaintiff spent the last fifteen (15) years of his military career at the Battle Command Training Center (BCTC) training other members of the United States

1

Case 3:12-cv-00119  Document 11  Filed 03/16/12  Page 1 of 8 PageID #: 27
Case 3:12-cv-00119  Document 12  Filed 03/19/12  Page 1 of 8 PageID #: 35

military. Plaintiff is master instructor certified. Plaintiff was in charge of 300+ personnel in the 101st Airborne Division and has served his country in combat. Plaintiff holds two Associates Degrees, one in computer science the other in aviation maintenance, and a Bachelor's Degree in business management with a concentration in computer science.

Plaintiff was employed by Defendant in May of 2008 and began working as a certified instructor in Corp Battle Simulation for Aviation and Artillery. During his employment with Defendant he tried on several occasions to obtain a promotion; each time he lost out to a white male with far less qualifications.

Plaintiff alleges that Defendant has a pattern of discrimination towards black employees. In May of 2010, Plaintiff alleges that he applied for the position of Team Leader, that he was qualified for this position, but that he was not given the position and instead Defendant placed Adam Williams, a white man in this position.

In July of 2010, Plaintiff alleges that he applied for the position of Battle Staff Team Leader, that he was qualified for this position, but that he was not given the position and instead Defendant placed David Graham, a white man in this position.

Plaintiff alleges that as a result of the unlawful actions of the Defendant he has suffered and will continue to suffer damages, to wit: lost wages, lost employment opportunities, compensatory

2

damages for emotional distress, pain and suffering, embarrassment and humiliation.

2. **Defendant's Theory.**

Defendant contends that Plaintiff was not selected for the positions for which he applied because there were more qualified candidates. Defendant further asserts that Plaintiff was not discriminated against on any basis and that its hiring decisions were made for legitimate nondiscriminatory reasons that were not pretextual.

Defendant denies that it has a pattern of discriminating against African-American employees or employees of any other race.

III. Schedule of Pretrial Proceedings

A. <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the initial case management conference or on or before April 18, 2012.

B. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of this initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without

3

Case 3:12-cv-00119   Document 11   Filed 03/16/12   Page 3 of 8 PageID #: 29
Case 3:12-cv-00119   Document 12   Filed 03/19/12   Page 3 of 8 PageID #: 37

further discovery proceedings. If a party other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of this party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that
the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. **Other Pretrial Discovery Matters**

As determined at the case management conference on <u>March 19, 2012</u>, this action is set for a jury trial on *May 21, 2013* at *9:00 a.m.* If this action is to be settled, the Law Clerk shall be notified by noon on *May 1, 2013* If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held *May 6, 2013* at *3:00 pm*. A proposed pretrial order shall be submitted a the pretrial conference.

All discovery shall be completed by the close of business on November 16, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by November

4

16, 2012. All discovery related motions shall be filed by the close of business on December 17, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and _Daubert_ motions shall be filed by the close of business on January 7, 2013, and any response thereto shall be filed by Februay 6, 2013. Any reply shall be filed by the close of business on February 20, 2013.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

5

Case 3:12-cv-00119 Document 11 Filed 03/16/12 Page 5 of 8 PageID #: 31
Case 3:12-cv-00119 Document 12 Filed 03/19/12 Page 5 of 8 PageID #: 39

Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local rules fo Court, shall govern.

By the close of business on August 16, 2012, the plaintiff shall declare to the defendant (<u>not</u> file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on September 17, 2012, the defendant shall declare to the plaintiff (<u>not</u> file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on October 3, 2012. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admission upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

6

Case 3:12-cv-00119   Document 11   Filed 03/16/12   Page 6 of 8 PageID #: 32
Case 3:12-cv-00119   Document 12   Filed 03/19/12   Page 6 of 8 PageID #: 40

The expert witness report required by Rule 26(a)(B), Federal Rules of Civil Procedure, is considered to the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of he expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26 (a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39( c)(6)( c) relating to expert witnesses shall apply in this action, and strict compliance is required.

D. **Electronic Discovery Issues**

The parties have conferred to discuss the likely location of discoverable electronic information and have agreed upon the following approach to discovery of electronically stored information: The parties agree that copies of any electronically stored information shall be provided, if possible, on a CD or thumb drive. If not possible, the parties agree that electronically stored information shall be produced in a fashion that allows it to be most efficiently and economically reproduced.

It is so **ORDERED**.

<font>

_[signature]_
WILLIAM J. HAYNES, JR.
United States District Judge
3-19-12

**APPROVED FOR ENTRY:**


/s/Debra A. Wall
Debra A. Wall, B.P.R. #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, Tennessee 37040
Telephone: (931) 906-3904
Facsimile: (931) 906-3908
e-mail debraawall@msn.com


s/Luther Wright, Jr.
Luther Wright, Jr.
Jessica T. Patrick
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
Suntrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446

8